Douglas GILSTRAP, on behalf of himself and others similarly situated, and Myron Tataryn, Plaintiffs–Appellants,

v.

RADIANZ LTD., Radianz Americas, Inc., Reuters Limited, Reuters America L.L.C., Blaxmill (Six) Limited and British Telecommunications plc, Defendants–Appellees.[1]

No. 06–3984–cv.

United States Court of Appeals, Second Circuit.

May 25, 2007.

1. We direct the Clerk of Court to amend the caption as listed in this order.

Stephen D. Susman (Stuart V. Kusin, on the brief), Susman Godfrey L.L.P., Houston, TX, for Plaintiffs–Appellants.

Richard A. Rothman (Jonathan D. Polkes, Joshua S. Amsel, Joanna R. Varon, on the brief), Weil, Gotshal & Manges LLP, New York, NY, for Defendants–Appellants.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants, current and former employees of defendant Radianz Ltd. ("Radianz"), appeal the July 26, 2006 judgment of the United States District Court for the Southern District of New York (Castel, J.), *Gilstrap v. Radianz Ltd.,* 443 F.Supp.2d 474 (S.D.N.Y.2006), granting defendants-appellees Radianz, Radianz Americas, Inc., Reuters Limited, Reuters America L.L.C., Blaxmill (Six) Limited and British Telecommunications plc's ("BT") motion to dismiss the amended complaint on grounds of *forum non conveniens.* We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

Reviewing the district court's determination for abuse of discretion, *Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 70 (2d Cir.2003), we find no merit to the contention that the district court erred by not properly focusing on the precise issues that are likely to be tried at trial. While we agree with plaintiffs that they will need to demonstrate that the sale of Radianz and the Amendment to the options plan (the "Amendment") materially prejudiced them by shifting value from plaintiffs to Reuters, this so-called "value shift" came into existence at the time of the sale and Amendment, as noted in the amended complaint. The key issue to be resolved in this litigation, then, is the creation of the value shift through the structuring of the sale of Radianz and the adoption of the Amendment—all of which transpired in England—and not where the effect of the value shift was felt. Thus, while certainly not irrelevant, plaintiffs' focus here on the fact that "the acts relating to the Radianz

value shift occurred" in the United States is ancillary to the creation of the shift through the negotiation of the sale and the adoption of the Amendment, all of which transpired in England. Second, plaintiffs are simply wrong to say that "intent is not required" to prove their claims. In the amended complaint, they allege several claims that clearly involve intent, claiming, *inter alia*, that BT and Reuters each tortiously interfered with plaintiffs' contractual relations, and their allegations repeatedly emphasize the knowing manipulations of defendants in ensuring plaintiffs did not receive the value entitled to them under the options agreement. In "focus[ing] on the precise issues" for *forum non conveniens* purposes, *id.* at 74, it makes no sense to focus on some claims while ignoring others; a court must determine all the issues that will be tried, not simply the ones that will aid plaintiffs in retaining a specific forum. It is thus clear that the district court was correct in recognizing the importance of witnesses and documents in England that would demonstrate the value shift—including the intent of the various parties to the sale and the Amendment—a point which even plaintiffs made in their amended complaint, alleging that the "value shift is supported by internal documents of both BT and Reuters." We accordingly reject plaintiffs' argument here.

Plaintiffs also argue that the district court erred by according plaintiffs' choice of forum less than full deference on the grounds that they filed as representatives of a class. This Court has not definitively answered what effect a plaintiff's representative capacity has on his or her choice of forum. *See DiRienzo v. Philip Servs.*

*Corp.*, 294 F.3d 21, 28 (2d Cir.2002). But, we need not reach this question because, even were we to agree with plaintiffs that the district court should not, as a matter of law, have accorded less deference to their choice of forum, the other factors outlined by the district court in its decision weigh so heavily in favor of dismissal on *forum non conveniens* grounds that we would not find the court below had abused its discretion.[2] *See USHA (India), Ltd. v. Honeywell Int'l*, 421 F.3d 129, 134 (2d Cir.2005). Indeed, as we have noted "while plaintiff's citizenship and residence can serve as a proxy for, or indication of, convenience, neither the plaintiff's citizenship nor residence, nor the degree of deference given to her choice of forum, necessarily controls the outcome." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 74 (2d Cir.2001) (*en banc*).

Finally, plaintiffs contend that, even assuming *arguendo* that the district court did not err as a matter of law in its analysis, its ruling was nevertheless based on a clearly erroneous view of the facts, which mandates reversal. We disagree. First, because the district court did not err in identifying the issues likely to be tried in the litigation, we find no merit to plaintiffs' contention that the district court's balancing of private and public factors was clearly erroneous. Second, plaintiffs challenge the findings that they are forum shopping and lacked strong ties to the forum chosen. Even if plaintiffs are correct, "the balance of private and public interests weighs decisively in favor of adjudicating the case in the courts" in England. *USHA (India), Ltd.*, 421 F.3d at 134. In the end, while we may disagree with some of the district court's characterizations, the court did not abuse its discre-

---

2. We note, furthermore, that the district court did not refuse to grant any deference to plaintiffs given Gilstrap's large stake in the matter, his representation of a class of only United States residents, and other factors, but instead accorded plaintiffs' forum choice some deference. *Gilstrap*, 443 F.Supp.2d at 480.

tion in applying the facts and weighing the factors relating to the dismissal motion.

For the foregoing reasons, we AFFIRM the judgment of the district court.