**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2731
_____

THOMAS LEVIEN, INDVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED; JAMES WESTHEAD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,
Appellants
v.

HIBU PLC; HIBU GROUP LIMITED; HIBU (UK) LIMITED, YH LIMITED; HIBU INC;
HIBU (USA) LLC; HIBU HOLDINGS (USA) INC.; HIBU OF PENNSYLVANIA, INC.;
ESTATE OF JOHN MICHAEL POCOCK; ROBERT CHARLES MICHAEL WIGLEY;
ELIZABETH GRACE CHAMBERS; JOHN BERNARD COGHLAN; TOBY RUFUS
COPPEL; CARLOS ESPINOSA DE LOS MONTEROS; ESTATE OF KATHLEEN
FLAHERTY; RICHARD HOOPER; ANTONY JEFFREY BATES;

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil No. 2-19-cv-03239)
District Court Judge: Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
July 12, 2021
_____

Before: McKEE, GREENAWAY, Jr., and RESTREPO, *Circuit Judges*

(Opinion filed: December 2, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Shareholder Plaintiffs ("Plaintiffs") appeal the District Court's dismissal of their putative class action arguing that the Court abused its discretion in dismissing on grounds of *forum non conveniens* various claims under British law. For the reasons that follow, we will affirm the District Court.[1]

**I.**

When considering a motion to dismiss on *forum non conveniens* grounds, a district court must "first determine whether an adequate alternative forum can entertain the case."[2] If an adequate alternative forum exists, "the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum."[3] Next, "the district court must balance the relevant public and private interest[s]."[4] If, after balancing these interests, the district court determines that "trial in [plaintiff's] chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds."[5]

Plaintiffs claim the District Court abused its discretion by ignoring that their claims are time-barred in England and by concluding that the strong showing of

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, as extended by the Class Action Fairness Act. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[2] *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189–90 (3d Cir. 2008).

[3] *Id*. at 190.

[4] *Id.*

[5] *Id.*

convenience favoring an English forum outweighs the deference due their choice of forum.

Our scope of review of a district court's *forum non conveniens* determination is "quite constrained."[6] The district court "may be reversed only when there has been a clear abuse of discretion."[7] Where the district court "has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference."[8]

The threshold issue when considering a motion to dismiss on *forum non conveniens* grounds is the existence of an adequate alternative forum. The test for determining whether an alternative forum is adequate is whether the defendant is "amenable to process and [the] plaintiffs' claims are cognizable" in the alternative forum.[9] There is no dispute that England has been found to be a competent forum by numerous courts.[10] Accordingly, the District Court's conclusion that England is an adequate forum to litigate these claims is clearly correct.

Plaintiffs' sole argument that England is not an appropriate forum rests on the fact that their claims are now time-barred there. We have never held that a forum is

---

[6] *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 178 (3d Cir. 1991).
[7] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).
[8] *Id.*
[9] *Kisano Trade & Inv. Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013).
[10] *See, e.g.*, *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003) ("Since plaintiffs have not asserted that English courts are in any way inadequate and because we have expressed high regard for those courts' fairness and commitment to the rule of law, it certainly cannot be said that it was an abuse of discretion to hold that England was an adequate alternative forum." (citation omitted)).

inadequate because the applicable statute of limitations has expired there, and Plaintiffs identify no such binding precedent. Instead, they rely upon decisions from other circuit courts of appeals.[11] However, as the District Court explains in its exceptionally thorough and able Memorandum, the fact that claims are time-barred in the alternative forum is an irrelevant consideration in a *forum non conveniens* inquiry where "plaintiff[s] made a deliberate and tactical decision to run the statute of limitations for the purpose of avoiding dismissal in her preferred forum."[12]

The District Court properly noted that Plaintiffs made a strategic decision to delay filing their claims in the Eastern District until the very day their claims were time-barred in England.[13] The District Court correctly relied upon *Gulf Oil Corp. v. Gilbert*[14] in explaining that "there is no valid reason to ignore precedent and require Defendants to defend in this Court."[15]

The District Court properly exercised its discretion in ruling that, Plaintiffs should "not be allowed to assert the unavailability of an alternative forum" when they "*deliberately* allowed any deadline for filing claims [in the alternative forum] to pass."[16]

## II.

---

[11] *See, e.g.*, *DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 801 (4th Cir. 2013); *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010); *Bank of Credit & Com. Int'l (Overseas) Ltd. v. State Bank*, 273 F.3d 241, 246 (2d Cir. 2001)).

[12] *Levien v. hibu plc*, 475 F. Supp. 3d 429, 441 (E.D. Pa. 2020) (quoting *DiFederico*, 714 F.3d at 801).

[13] *Id.*

[14] 330 U.S. 501, 508 (1947).

[15] *Levien*, 475 F. Supp. 3d at 442.

[16] *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 203 (4th Cir. 2009).

Plaintiffs also argue that the District Court abused its discretion in according their choice of forum only a "moderate amount of deference."[17] The deference analysis, however, largely turns on the convenience of a plaintiff's chosen forum.[18] Generally, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States . . . the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*."[19]

Plaintiffs also argue that the District Court should have afforded greater deference to their choice of forum because they represent a putative class of worldwide shareholders that includes Americans. However, "[a]ffording less deference to representative plaintiffs does not mean they are deprived of all deference in their choice of forum."[20] Additionally, "citizenship nor residence, nor the degree of deference given to [the] choice of forum, necessarily controls the outcome."[21] In essence, "there is little sense to allowing a U.S. citizen to [hale] a group of foreign defendants into a U.S. court on transactions having little or nothing to do with this country where there is an available foreign forum significantly better suited to handling the litigation."[22]

The District Court reasonably concluded that litigating in England would be more convenient for the parties and explained that conclusion in its fine Memorandum.

---

[17] *Levien*, 475 F. Supp. at 439.

[18] *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011).

[19] *Kisano*, 737 F.3d at 876 (quoting *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001)).

[20] *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002).

[21] *Iragorri*, 274 F.3d at 74.

[22] *Gilstrap v. Radianz Ltd.*, 443 F. Supp. 2d 474, 480 (S.D.N.Y. 2006), *aff'd,* 233 F. App'x 83 (2d Cir. 2007) (citation omitted).

Moreover, for the reasons the District Court explained, the "public and private interests [also] far outweigh[] the moderate amount of deference that Plaintiffs' choice of forum is entitled to."[23]

Plaintiffs attempt to pirouette around the District Court's carefully crafted Memorandum by delving into the evidentiary details of their claims. However, "we need not [and will not] scrutinize all of these materials to perform our function of appellate review, nor was it necessary for the District Court to have done so."[24]

## III.

For the foregoing reasons, we will affirm the District Court's dismissal on *forum non conveniens* grounds.

---

[23] *Levien*, 475 F. Supp. 3d at 444.
[24] *Kisano*, 737 F.3d at 877.